IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SALIMA BATOKA,<br><br>            Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, The;  U.S. CITIZENSHIP AND IMMIGRATION SERVICES, "USCIS"; ALEJANDRO MAYORKAS, U.S. Department of Homeland Security Secretary; UR JADDOU, Assistant Secretary of Homeland Security USCIS; and JEFFREY BEIL, Field Office Director of Omaha, Nebraska USCIS;<br><br>            Defendants. | **8:23CV349**<br><br>**ORDER APPOINTING MASTER** |

      The Honorable Susan Bazis was recently confirmed to serve as U.S. District Court Judge, thereby leaving a vacancy for her prior position as Magistrate Judge.  Until such time as this vacancy is filled, there exist pretrial and posttrial matters in the above-captioned case that cannot be effectively and timely addressed by an available judge of the district.  Accordingly, the Court has determined it is necessary to appoint a master to ensure the timely progression of this case.  Such appointment shall be of temporary duration and shall end upon the appointment of a new Magistrate Judge.

      Having given notice of its intent to appoint a master, having offered the parties an opportunity to be heard, having considered the master's affidavit regarding grounds of disqualification, and having obtained the consent of the parties, the Court hereby appoints Kate Rahel as master in this case pursuant to Federal Rule of Civil Procedure 53(a)(1)(A) & (C).  As Rule 53 requires, this Order sets out the master's duties and dictates how she is to perform them.  The Court reserves the authority to amend this Order at any time after

notice is given and the parties have had an opportunity to be heard.  See Fed. R. Civ. P. 53(b)(4).

I. **Master's Duties and Authority**

Rule 53 permits the Court to appoint a master to "perform duties consented to by the parties" Fed. R. Civ. P. 53(a)(1)(A), and to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district," Fed. R. Civ. P. 53(a)(1)(C)  The parties having consented to permit the master to undertake the duties outlined in this order, and there presently being no available district or magistrate judge in this district to timely address these pretrial matters, the Court states that the master shall have the authority to do the following:

1. Set deadlines and file orders related to pre-trial case progression.
2. Hold hearings related to case progression including status hearings and pretrial conferences.
3. Oversee discovery including resolving any discovery-related disputes by filing an order to which the parties may file an objection with the Court.
4. Conduct a settlement conference with the parties' consent.

The master is ordered to undertake these duties with all reasonable diligence.  See Fed. R. Civ. P. 53(b)(2).  The master shall have the full cooperation of the parties and their counsel and may take all appropriate measures to perform her assigned duties fairly and efficiently.

II. **Ex Parte Communications**

Rule 53(b)(2)(B) directs the Court to set forth "the circumstances, if any, in which the master may communicate ex parte with the court or a party."  Fed. R. Civ. P.

53(b)(2)(B). The master is permitted to communicate ex parte with the court at the master's discretion, without providing notice to the parties, in order to discuss logistics and other appropriate procedural matters. The special master may only communicate with the parties or attorneys if a representative for all parties is present or if an ex parte communication is consented to by all parties as in the case of a settlement conference.

### III.     Master's Record and Review of Orders

The Court is required to state "the nature of the materials to be preserved and filed as the record of the master's activities." Fed. R. Civ. P 53(b)(2)(C). The master shall promptly file any order with the Clerk of the Court for docketing which sets forth deadlines or which rules on a discovery dispute. The docketing of such orders shall serve as notice to the parties. The master is not required to preserve or file any other documents related to her appointment. Objections to the master's orders shall be made in accordance with Rule 53(f) except that in the instance of case progression orders and other deadline-setting orders, the parties shall have 7 days to object. In all non-deadline-related orders, such as those resolving discovery disputes, the parties shall have 21 days to object. As set forth in Rule 53(f), the Court will review the master's factual findings and legal conclusions de novo but will review procedural matters only for an abuse of discretion.

### IV.     Compensation

Pursuant to Rule 53(g) which requires the Court to state the terms of the master's compensation, the Court notes that the master has volunteered to undertake these duties pro bono and thus no compensation will be allocated. These duties shall be in addition to and separate and apart from any duties the master has in her employment as judicial law clerk.

### V. Affidavit

Rule 53(b)(3) notes that the Court may enter an Order of appointment "only after the master has filed an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. § 455." *See also* Fed. R. Civ P. 53(a)(2) (discussing grounds for disqualification). The master previously filed her affidavit attesting there are no such grounds for disqualification.

### VI. Contact Information

The progression order is hereby modified to indicate that, until such time as a new magistrate judge is assigned to this case, the parties should contact the master prior to filing a motion to compel, to quash, or for disputed protective order to set a conference for discussing the parties' dispute. Additionally, all requests for change of deadlines or settings or any other matters previously directed to the magistrate judge shall be directed to the master. The parties can contact the master by calling Judge Bataillon's chambers at (402) 661-7302 or emailing Special_Master@ned.uscourts.gov.

**IT IS SO ORDERED.**

Dated this 29th day of April, 2024.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge