IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SALIMA BATOKA,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA; U.S. CITIZENSHIP AND IMMIGRATION SERVICES, "USCIS"; ALEJANDRO MAYORKAS, U.S. Department of Homeland Security Secretary; UR JADDOU, Assistant Secretary of Homeland Security USCIS; and JEFFREY BEIL, Field Office Director of Omaha, Nebraska USCIS,<br><br>    Defendants. | 8:23CV349<br><br>ORDER |

  This matter is before the Court on Defendants', Jeffrey Beil, Ur Jaddou, Alejandro Mayorkas, USCIS, and United States of America's ("Government"), Motion for Reconsideration. Filing No. 40. This case involves Plaintiff Batoka's complaint for judicial review of the Government's denial of his application for U.S. citizenship. Filing No. 23. The Court previously denied the Government's motion to dismiss. Filing Nos. 28 and 38. The Government now comes before the Court with a motion to reconsider the Court's prior order under Fed. R. Civ. P. 54(b). Filing No. 40. The Government seeks to have the Court fix errors of law in § II(D) of the Court's order denying the motion to dismiss. Filing No. 41 at 6; *see* Filing No. 38 at 12. For the reasons set forth herein, the Court denies the Government's motion to reconsider.

  **I. LEGAL STANDARD**

  The court can revise any order "that adjudicates fewer than all the claims . . . at any time before the entry of judgment adjudicating all the claims." Fed. R. Civ. P. 54(b).

1

The standard the court must apply when weighing a motion to reconsider under Rule 54(b) is not clear, but courts typically find it less exacting than motions under Fed. R. Civ. P. 59(e) and 60(b). *Crabar/GBF, Inc. v. Wright*, 644 F. Supp. 3d 513, 533 (D. Neb. 2022). A district court has wide discretion over whether to grant a motion for reconsideration of a prior order. *SPV-LS, LLC v. Transamerica Life Ins. Co.*, 912 F.3d 1106, 1111 (8th Cir. 2019). These motions serve limited functions, including to correct "manifest" errors of law. *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988).

## II.   ANALYSIS

The Immigration and Nationality Act makes inadmissible an individual "who, by fraud or *willfully misrepresenting* a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other [immigration] benefit." 8 U.S.C. § 1182(a)(6)(C)(i) (emphasis added). A willful misrepresentation is made deliberately and voluntarily. *See United States v. Hirani*, 824 F.3d 741, 749 (8th Cir. 2016).

The Government argues Batoka's attestation of the fact that he had no children on his diversity visa application, constitutes a willful misrepresentation. Filing No. 41 at 11. Furthermore, the Government argues that since Batoka attested to understanding the questions on the DS-260 form he signed, that makes his statement about his child deliberate and voluntary—or a willful misrepresentation. *Id.* at 12.

Batoka pleaded his failure to include his child on the DS-260 form was not the result of willful misrepresentation, but because he misunderstood the form's questions. Filing No. 23 at 3. Batoka argues that he understood the question on the DS-260 form to only be asking about the children he had with his spouse. *Id.* This, he claims, is an

"innocent mistake." *Id.* at 4. Batoka argues that had he understood the question to be asking about all his children, he would have included them. *Id.* at 3.

As stated in the Court's previous order denying the Government's motion to dismiss, Batoka's credibility and his reason for omitting his child on the DS-260 form is a determination of fact premature for this stage of the case. Filing No. 38 at 12.

### III. CONCLUSION

The Court has wide discretion over whether to grant a motion to reconsider. These motions should only correct manifest errors of law. In this case, the Court finds there are no manifest errors of law. Instead, there are factual issues to determine.

THEREFORE, IT IS ORDERED that the Government's motion to reconsider, Filing No. 40, is denied.

Dated this 4th day of October, 2024.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

3