IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SALIMA BATOKA,<br><br>           Plaintiff,<br><br>    vs.<br><br>UNITED STATES OF AMERICA, The;  U.S. CITIZENSHIP AND IMMIGRATION SERVICES, "USCIS"; ALEJANDRO MAYORKAS, U.S. Department of Homeland Security Secretary; UR JADDOU, Assistant Secretary of Homeland Security USCIS; and JEFFREY BEIL, Field Office Director of Omaha, Nebraska USCIS;<br><br>           Defendants. | **8:23CV349**<br><br>**MEMORANDUM AND ORDER** |

This case involves Plaintiff's complaint for judicial review of Defendants' denial of his application for U.S. citizenship.  It comes before the Court on Defendants' motion for summary judgment, Filing No. 89, Plaintiff's motion to exclude expert testimony, Filing No. 73, and Defendant's motion for leave to file supplemental authority, Filing No. 100.  The Court previously denied Defendant's motion to dismiss.  Filing No. 38.  The Court denies Plaintiff's motion to exclude and grants Defendant's motion to supplement.  Because disputes of material fact exist in the record, the Court denies Defendant's motion for summary judgment.

### I.    BACKGROUND

Plaintiff, Salima Batoka filed a complaint under 8 U.S.C. § 1421(c) which authorizes district-court review of the agency denial of his application for naturalization. Filing No. 23.  Defendants are the United States, the United States Citizenship and Immigration Services, and various agency officials.

1

Plaintiff is a is a citizen of Togo and has a daughter born in 2013. *Id.* at 2. Foziatou Atakora is the biological mother of Plaintiff's daughter, but Batoka has been married to Kokoe Domlan since 2015. *Id.;* Filing No. 91-2 at 38–42.

In 2013, Batoka applied for the diversity visa lottery by filing Form DS-5501. Filing No. 91-2 at 61–62. He did not include his daughter's information on this application. Filing No. 91-3. Batoka stated he did not include his daughter because "she wasn't with [him.]" Filing No. 91-2 at 65. He was not selected for the visa lottery in 2013. *Id.* at 66–67.

In 2015, Batoka again applied for the diversity visa lottery and again failed to include his daughter. *Id.* at 76. He stated he did not include his daughter because she was not with him, he understood the question to mean he would be intending to immigrate with his daughter if he listed her (which he did not intend to do), and he was paying by the hour at the cybercafé where he completed the application so he was rushing to finish it. *Id*. at 71, 77, 123. Batoka's application was, this time, selected for the diversity visa. *Id.* at 72.

As required, Plaintiff completed a Form DS-260 and electronically submitted it to the State Department in conjunction with his diversity visa. Filing No. 91-8. He now listed Kokoe Domlan as his spouse. *Id.* at 1. He also stated that he did not have any children. *Id.* at 2. In signing the DS-260, Batoka averred that the information it contained was accurate. *Id.* at 3.

Plaintiff had an interview at the U.S. Embassy in Togo on in March 2017. Filing No. 91-2 at 87. Plaintiff again informed the interviewer he had no children. *Id.* at 87–89.

2

The consular officer approved Plaintiff's application, and Batoka became a lawful permanent resident.

Having been a green card holder for five years, Batoka applied for naturalization by filing a Form N-400 in August 2022. Filing No. 91-9. On the N-400 form, Batoka listed his daughter as his child, and represented he had never presented false information to any U.S. government official. Filing No. 91-9 at 9, 15. Batoka confirmed his daughter's existence at the interview and stated he did not think he had to disclose her on his previous applications because it was not his wife's biological child, she was too young, and he did not think she needed to be listed. Filing No. 91-11 at 1.

U.S. Citizenship and Immigration Services denied Plaintiff's N-400 application because it found he had not been lawfully admitted for permanent residence because he failed to declare his child during the diversity visa application process. Filing No. 91-14.

Batoka asks the Court to conduct a de novo review of Defendants' denial of his N-400 naturalization application. Filing No. 23 at 5. Defendants have moved for summary judgment.

## II.    ANALYSIS

### A. Standards of Review

#### 1. *Standard for Motion to Exclude Witness*

Federal Rule of Evidence 702 governs the admissibility of expert testimony and requires that: (1) the evidence must be based on scientific, technical or other specialized knowledge that is useful to the finder of fact in deciding the ultimate issue of fact; (2) the witness must have sufficient expertise to assist the trier of fact; and (3) the evidence must be reliable or trustworthy. *Kudabeck v. Kroger Co.*, 338 F.3d 856, 859 (8th Cir. 2003).

When faced with a proffer of expert testimony, trial judges are charged with the "gatekeeping" responsibility of ensuring that all expert evidence admitted is both relevant and reliable. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). The proponent of expert testimony bears the burden of providing admissibility by a preponderance of the evidence. *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001).

Testimony is relevant if it is "sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *Daubert*, 509 U.S. at 591. Expert testimony assists the trier of fact when it provides information beyond the common knowledge of the trier of fact. *Kudabeck*, 338 F.3d at 860.

To satisfy the reliability requirement, the party offering the expert testimony must show by a preponderance of the evidence "that the methodology underlying [the expert's] conclusions is scientifically valid." *Barrett v. Rhodia, Inc.*, 606 F.3d 975, 980 (8th Cir. 2010) (citations omitted).

### 2. Standard for Summary Judgment

Summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" show that "an adverse party cannot produce admissible evidence to support" a fact essential to the nonmoving party's claim. Fed. R. Civ. P. 56(c)(1)(A) & (B). The plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to

make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"The movant 'bears the initial responsibility of informing the district court of the basis for its motion, and must identify 'those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (quoting *Celotex Corp.*, 477 U.S. at 323). If the movant does so, "the nonmovant must respond by submitting evidentiary materials that set out 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Celotex Corp.*, 477 U.S. at 324). A "genuine" issue of material fact exists "when there is sufficient evidence favoring the party opposing the motion for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

The evidence must be viewed in the light most favorable to the nonmoving party, giving the nonmoving party the benefit of all reasonable inferences. *Kenney v. Swift Transp., Inc.*, 347 F.3d 1041, 1044 (8th Cir. 2003). "In ruling on a motion for summary judgment, a court must not weigh evidence or make credibility determinations." *Id.* "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Koehn v. Indian Hills Cmty. Coll.*, 371 F.3d 394, 396 (8th Cir. 2004). If "reasonable minds could differ as to the import of the evidence," summary judgment should not be granted. *Anderson*, 477 U.S. at 251.

5

**B. Defendant's Expert Testimony Is Admissible**

Plaintiff moves to exclude the testimony of Defendants' non-retained expert witness, Kenneth Wilcox, due to an inadequate disclosure under Federal Rule of Civil Procedure 26(a)(2)(C) and inadmissibility under Federal Rule of Evidence 702. The Court finds Wilcox's testimony is admissible.

*1. Defendant's Disclosure Was Adequate*

Plaintiff first argues that Defendants' disclosure of Wilcox as a non-retained witness was inadequate because it lacked specificity on the nature of his proposed opinion testimony.

Rule 26(a)(2) of the Federal Rules of Civil Procedure provides disclosure requirements for expert witnesses. "For a witness retained or otherwise engaged to provide expert testimony in litigation," Rule 26(a)(2)(B) requires the witness to provide a written report, "signed by the witness, providing prescribed, detailed information." *See Johnson v. Friesen*, 79 F.4th 939, 943 (8th Cir. 2023). However, for non-retained experts, Rule 26(a)(2)(C) requires a "considerably less extensive" summary disclosure of the opinions to be offered. *Id.* (citing Rule 26 advisory committee note to 2010 amendment). Non-retained expert witnesses need only disclose "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)-(D).

Rule 26(a)(2)(C) requires more than a general identification of the subject matter of the non-retained expert's testimony; it also requires disclosure of the pertinent facts and opinions to which the expert will testify. *See* Fed. R. Civ. P. 26(a)(2)(C)(i) (requiring

6

disclosure of "the subject matter on which the witness is expected to present [expert] evidence").

Defendants' disclosure of Wilcox complied with Rule 26(a)(2)(C). Rather than a high-level disclosure that merely identifies broad topics, Defendants provided sufficient detail and outlined the main points and supporting facts of Wilcox's proposed testimony. Specifically, Defendants listed several specific pieces of testimony it expects Wilcox to provide, including the impact on a diversity visa applicant's application of failing to include his children; whether an accurate representation of an applicant's children is material to the diversity visa approval process; how a consular officer adjudicates an immigration visa after receiving conflicting information from the applicant; and whether a visa would be issued if it had been known that it contained false or inconsistent information. *See* Filing No. 75-1 at 2. This level of detail satisfies the lesser requirements of Rule 26(a)(2)(C) for a non-retained expert like Wilcox.

### 2. *The Witness's Testimony Satisfies Rule 702*

Plaintiff also argues that Wilcox's testimony is inadmissible under Rule 702.

As set forth above, Rule 702 governing expert testimony requires that: (1) the evidence must be based on scientific, technical or other specialized knowledge that is useful to the finder of fact in deciding the ultimate issue of fact; (2) the witness must have sufficient expertise to assist the trier of fact; and (3) the evidence must be reliable or trustworthy. *Kudabeck v. Kroger Co.*, 338 F.3d 856, 859 (8th Cir. 2003). Plaintiff argues Wilcox's testimony is not useful to the trier of fact because the Court is capable of and responsible for parsing immigration law on its own and because Wilcox is not qualified to be an expert witness in his proposed areas of testimony.

Wilcox's testimony is relevant for purposes of Rule 702.  While Plaintiff is correct that the ultimate legal determination will fall to the Court in this case, Wilcox's proposed testimony elaborates on matters apart from the Court's interpretation of the statutory language, specifically how applications are processed by consular officers and how a consular officer may view certain facts when adjudicating such applications.  This testimony may assist the trier of fact in evaluating the merits of Batoka's claims and is therefore relevant under Rule 702.

Wilcox also has sufficient expertise.  He has served as a foreign service officer for ten years, in which role he has adjudicated over 5,000 immigration visas and 6,000 non-immigrant visas.  Filing No. 75-2 at 1.  He holds a juris doctor from American University and a certificate in immigration law from the same institution, and practiced law for several years before assuming his current role.  Filing No. 75-2 at 2–3.  Accordingly, Plaintiff's motion to exclude Wilcox's testimony is denied.

### C. Disputes of Material Fact Preclude Summary Judgment

As a preliminary matter to the summary judgment motion, Defendants filed a motion asking the Court to consider supplemental authority they believe is relevant to the case.  *See* Filing No. 100 (citing *Savane v. Sec'y United States Dep't of Homeland Sec.*, 164 F.4th 93 (3d Cir. 2026)).  Plaintiff did not respond to the motion.  The Court grants the motion to supplement and has considered the *Savane* case in conjunction with resolving the motion for summary judgment.

As to the merits of their main motion, Defendants argue they are entitled to summary judgment because Batoka made material misrepresentations on his naturalization applications and lacks good moral character because of his false

statements under oath.  These alleged issues all spring from his failure to include his daughter at the various stages of his application and interview process.

The Court addressed these same arguments in extensive detail in its order denying Defendants' motion to dismiss.  *See* Filing No. 38 at 12.  It found that "Defendants' bases for moving for dismissal require the Court to engage in factual findings which contradict the pleadings or credibility determinations which are premature for this stage of the case." Filing No. 38 at 13.  Discovery and the production of additional evidence have failed to resolve these factual issues.  The legal questions presented in this case require the Court to make factual findings and credibility determinations which preclude it from granting Defendants' motion for summary judgment.

The government's argument is that Plaintiff's reasons for failing to include his daughter on his application have changed over time and are inconsistent: that he was rushed for time, that he did not understand the language well enough, and that he thought only children born to his wife were required to be disclosed because the question about children immediately followed a question about his spouse.  Plaintiff counters that his explanation has always been that he misunderstood the instructions on the application and that his elaborating on the reasons for his misunderstanding (such as being rushed for time, misunderstanding the English instructions, misreading the question) are all consistent and true.  Given these differing interpretations, there are disputes of material fact that cannot be resolved on this record.  To disbelieve one or all of these explanations as Defendants urge would require the Court to make a determination of whether Plaintiff is credible, a finding it cannot make at the summary-judgment stage.   The Court, as

9

factfinder, will need to make credibility assessments and factual findings at trial to resolve these issues.  Accordingly, summary judgment is not warranted.  Therefore,

IT IS ORDERED:

1.  Plaintiff's Motion to Exclude Expert Testimony, Filing No. 73, is denied.

2.  Defendants' Motion for Summary Judgment, Filing No. 89, is denied.

3.  Defendant's Motion for Leave to File Notice of Supplemental Authority, Filing No. 100, is granted.

4.  The parties are ordered to contact the Magistrate Judge within ten days of this ruling to discuss case progression and the trial setting.  *See* Filing No. 88.

Dated this 3rd day of March, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

10